Curia, per
Frost, J.
The deed of the plaintiff to Wm. Griggs, Jun, under whom the defendant claims, describes the land conveyed as “ all that plantation or tract of land of one hundred acres, more or less, being the south west end of a three hundred acre survey granted to John Norwood, 2d April, 1792, beginning at S line of said survey, at a pine corner; thence south west to a water oak corner, bounded by land originally owned by John O’Neall, (now estate of Campbell;) thence north west to a pine corner, bounded by land at survey vacant, now Isaiáh Dubose’s and others; thence north east to a pine corner bounded by land formerly of John Norwood, deceased ; thence by an agreed on line to the beginning corner, separating the one hundred acres from the balance of the survey now owned by Wm. Johnson.” The land thus described is embraced within the lines of the Norwood grant, about the location of which there is no dispute. The defendant is in possession of the residue of the Norwood grant, not sold to Johnson, claiming it under the deed from the plaintiff to Wm. Griggs, Jun. and in this action the plaintiff seeks to recover it.
It is contended that the land, described in the deed/ cannot be located so as to cover the residue of the Norwood grant. If the deed had merely described the land conveyed as the residue of the Norwood grant not sold to Johnson, the intention of the parties would have been clear, and no *140 question could have arisen respecting its location; since there is no dispute respecting Johnson’s line nor the lines of the grant. But a discrepancy is produced by the erroneous description in the deed of the- lines and boundaries of this residue. According to the deed the agreed on line would be in a direction at right angles to the actual line, so as to locate the residue on the south west instead of the north west side of the grant. The rules of location permit the courses of lines and boundaries to be rectified, according to proof of the intention of the parties, to an extent quite sufficient to correct this error. Lands have been located in violation of almost every rule. Indeed, location is said to be a question of evidence, and cannot be reduced to fixed' and definite rales. Coates vs. Matthews, 2 N. & M. 99. A correct location consists in the application of any one or all of the rules to the particular case ; and when they lead to contrary results, that must be adopted which is most consistent with the intention apparent on the face of the deed. Colclough vs. Richardson, 1 McC. 167. To give effect to the intention of the parties, the agreed on line described in the deed, may be corrected, so as to correspond with the fact. The location of the defendant’s land, on the residue of the grant, is supported by the proof of the contract to buy that land; by the description of it in the deed as the residue of the grant; by the agreed on line within the grant called for as a boundary; and by the delivery, to the defendant, of the original grant, as the muniment of his title. The location insisted on by plaintiff is exterior to the grant, has but one line by which it is supported, which is common to both the Harrall land and the grant, and by a remote boundary, (DuBose’s land,) to reach which it is necessary greatly to extend a line beyond a marked corner tree, and to vary the courses and distances of every line in the description of the deed.
But the simple question, not involved in technical rules, nor placed beyond the reach of plain practical common sense, is, whether the defendant shall be deprived of his land because the residue of the Norwood grant, so plainly expressed in the deed, and proved to have been the subject of purchase, was imperfectly or erroneously described by *141 metes and bounds. In the construction of a deed, where there is a contradiction in the description of the premises granted, the court may reject part of the description as false, or mistaken, for the purpose of giving effect to the deed. In McNaughton vs. Loomis, 19 J. R. 449, the premises conveyed were described in the deed as lot No. 51, in the second division of a patent, giving the boundaries of an adjoining lot, No. 50. It was decided that the words “ lot No. 51” might be rejected as surplusage, the description being sufficiently certain without these words. The present case is the reverse of that, but to'efiect the plain intention to convey the residue of the Norwood grant, the boundaries may be rejected as surplusage. So a grant of “ all my lands in B, in the tenure of D, which I had by the gift of J. S.” and in truth it doth lie in B, and in the tenure of D, but was not the gift of J. S. this is a good grant, for “whenever there is, in the first place, a sufficient certainty and demonstration, and afterwards an accumulative description, and it fails in point of accuracy, it will be rejected.” If a parish lie in two counties, viz, Berks and Wilts, and one grant all his close called Callis, in the county of Berks, and in.truth the close doth lie in the county of Wilts, _ “ this is a good grant to pass the close, because the close passes by the name of a full and certain description.” 2 Shep. Touchstone, 247 ; 31 Law Lib. 45.
The proof of the contract, and the description, in the deed, of the land intended to be granted, as “ a tract of land of one hundred acres, being the southwest end of a three hundred acre survey, granted to John Norwood, separated, by an agreed on line, from the balance of the survey now owned by William Johnson,” is a “ sufficient demonstration and certainty” of the land granted, so as to pass the land by the name of the residue of the Norwood grant, “ as a full and certain description,” and the accumulative description of it, by lines and boundaries, which fails in point of accuracy, may be rejected. But it is insisted that the entry of the defendant on the Harrall tract, and keeping possession, claiming it under his deed, is a practical construction, which he may not gainsay. The defendant remained in *142 possession of the Harrall tract under the continued misapprehension derived from the piaintiff’s own acts and declarations, that it was the residue of the Norwood grant. Finding that the description in the deed did not protect his possession he requested a deed which should describe the land, but did not get it. To permit the plaintiff to eject the defendant from the land sold to him, and put him off with a tract to which the plaintiff has shown no right or title, on a presumption of acquiescence, would be to give the plaintiff an advantage from his own wrong, and a gross injustice against the proof to the contrary, furnished by the deed; it cannot be presumed that the plaintiff intended to sell, and that defendant acquiesced in the purchase of, land to which the plaintiff had no title. ,
The fifth and sixth grounds relate only to the offer to prove,'by Joseph Norwood, that the plaintiff had directed, him to convey the Harrall land in the deed. Such proof would have contradicted the deed, and was, therefore, inadmissible.
The motion for a new trial is refused.
Richardson, O’Neall, Evans and Butler, JJ. concurred.